ALBANY,
August, 1816.

DENSTON
v.
HENDERSON.

SCIDMORE *against* SMITH.

*An action on the case lies for seducing and harbouring the servant or slave of the plaintiff, notwithstanding the penalty given by the "act concerning slaves and servants," (2 N. R. L. 206.) which is a cumulative remedy.*

IN ERROR, on *certiorari* to a justice's court.

Smith, the defendant in error, brought an action of *trespass* (as was stated in the return) in the court below, against the plaintiff in error, to recover damages for seducing and harbouring his man servant. It was objected that the action should have been *debt*, under the 15th section of the "act concerning slaves and servants," (2 *N. R. L.* 206.,) but the exception was overruled, and judgment was given for the defendant in error.

DENSTON *against* HENDERSON AND CAIRNS.

*A bill of exchange was drawn in the United States, upon A. of London, on which the defendants were endorsors; before the bill became due, B., the agent of the defendants, offered C., the holder of the bill, to pay it, in case A. did not, for the honour of the defendants; and C. promised to let him have the bill for that purpose; the*

THIS was an action of assumpsit, brought by the plaintiff against the defendants, as endorsors of a bill of exchange for 750l. sterling, drawn by *Robert Patton,* jun., of *Alexandria,* on *Inglis, Ellice & Co.* of *London,* in favour of *Robert Patton,* dated the 28th of *July,* 1812, and which had been duly protested for non-payment, and notice thereof given. The cause was

*bill not having been paid by A., B., being informed of the circumstance, requested C. to let him have the bill, and that he would pay it; this C. declined, and said that the bill had been put into the post-office to be returned to America; it was held that B. ought to have been ready, in London, to take up the bill when it became due; that his offer to pay, when the rights of the parties had become fixed, was of no avail; that the previous promise of C. to let him have the bill, in order to pay it, was a nudum pactum, and that, under the circumstances of the case, the plaintiff was not precluded from recovering 20 per cent. damages on the amount of the bill.*

*The plaintiff, in an action on a foreign bill of exchange, is entitled to recover the amount of the bill according to the rate of exchange at the time of notice of its dishonour to the defendant, with 20 per cent. damages, calculated on the nominal amount of the bill, and with interest on those two sums from the time of notice.*

tried before Mr. J. *Spencer*, at the *New-York* sittings, in *November*, 1815.

The defendants read, at the trial, the deposition of *Edward Frears*, of *Birmingham*, taken under a commission, who stated that he and his partner, *Edward Cairns*, jun., were the correspondents and agents of the defendants, and that they had directions from the defendants to pay all bills of which they were the drawers or endorsors, which were not duly honoured by the drawers, and particularly bills of exchange drawn on *Inglis, Ellice & Co.* of *London;* and that, in consequence of such orders, they had paid several bills of exchange for the honour of the defendants. The deponent understanding, on or about the 10th of *November*, 1812, that a bill drawn on *Inglis, Ellice & Co.*, on which the defendants were endorsors, had been refused acceptance, applied, several times, to *Wm. Wallis*, the holder of the bill, to inquire whether the bill had been accepted, and, at those times, informed *Wallis* that if the bill was not paid, the deponent and his partner would pay it, and requested him to let them have the bill, in case of its not being paid by the drawers, which he promised to do. The deponent, understanding that the bill would become due about the 22d of *December*, 1812, wrote to *Inglis, Ellice & Co.*, requesting to be informed when the bill would become due, and stating that the deponent and his partner had directions to pay bills for the honour of the defendants; to which letter no answer was returned until the 23d of that month, when a letter was received from *Inglis, Ellice & Co.*, informing him that the bill had been presented for payment, and refused. Immediately on receiving this letter the deponent called on *Wallis*, taking with him a check upon his bankers, to pay the bill and expenses, and told him that if he would let him have the bill he would pay it: *Wallis* then said to him, " Do not you think the damages would be as good in my pocket as theirs?" (meaning the defendants.) The deponent said, " But you know, Mr. *Wallis*, I told you we had instructions to prevent this;" to which *Wallis* said, " I am satisfied with the endorsors," or words to that effect, and informed the deponent that he had put the bill into the post-office, to be sent to *America*. The deponent stated, that after a letter had been put into the post-office, the post-master would not return it to any person. The defendants had, at the time, funds in the hands of the deponent and his partner, with which the bill

might have been paid; and they were prevented from paying the bill in *London*, as they might have done, by not hearing from *Inglis, Ellice & Co.* in time.

The plaintiff proved, that, at the time the bill of exchange was returned, the rate of exchange between *England* and *America*, was 16 per cent. below par, and that at the time of the trial it was 8 per cent. above par, and the counsel for the plaintiff insisted that the plaintiff was entitled to recover the amount of the bill, at the rate of exchange at the time of the trial. The judge, however, expressed his opinion that the plaintiff was entitled to recover the amount of the bill, at the rate of exchange when the same was returned, with damages, and no more. A verdict was then taken for the plaintiff, for the amount of the bill, deducting 16 per cent., with 20 per cent, damages, calculated upon the face of it, and interest on both those sums, from the time that the bill was returned, subject to the opinion of the court on a case made, with liberty for the court to increase the verdict, or, if the plaintiff were not entitled to damages, to diminish it.

*D. B. Ogden*, for the plaintiffs. He cited *Dash* v. *Graves*, 12 *Johns. Rep.* 17. in error.

*Colden* and *Hoffman*, contra. They cited *Thompson* v. *Robertson & Bowne*, 4 *Johns. Rep.* 27. *Durkin* v. *Henderson & Cairns*, 7 *Johns. Rep.* 448.

*Per Curiam.* The facts stated afford no ground of defence in this action. *Wallis* pursued the strictly regular course to charge the endorsors. If the agents meant to carry into effect the agreement with *Wallis*, they should have stood ready to pay and take up the bill in *London*, when it was payable. They never tendered payment in *London*, nor did they do so, at *Birmingham*, until the rights of the parties were fixed. Indeed, the agreement with *Wallis* was a *nudum pactum;* the agents were not compellable to pay at any time. When *Wallis* committed the dishonoured bill to the post office, it was uncertain whether the agents would, or would not, choose to pay it; and when they offered to pay, it was upon a condition which it was impossible for him to comply with, the delivery of the bill. The jury gave the value of the bill at the rate of exchange at the time of notice to the endorsors, with 20 per cent, damages, on the nomi-

nal amount of the bill, and interest on both sums from the same time : this was right.

Judgment for plaintiff, according to the verdict.